UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Mark Earl Goodson, and<br>Patricia Michelle Goodson,<br><br>*Plaintiff,*<br><br>v.<br><br>Credit Bureau Collection Services, Inc., a<br>foreign corporation,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.: 3:11-CV-173-<br>)   Plaintiff Demands Trial by Jury<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by individual consumers for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and, in addition, state of Alabama common law claims for negligence, breach of contract, invasion of privacy, harassment, negligent hiring, and fraud (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendant transacts business and the conduct complained of occurred in Randolph County, Alabama.

### III. PARTIES

3. Plaintiff Mark Earl Goodson (hereinafter, "Plaintiff" or "Mark") is a natural person of the age of majority and residing in Randolph County, Alabama. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Plaintiff Patricia Michelle Goodson (hereinafter, "Plaintiff" or "Patricia") is a natural person of the age of majority and residing in Randolph County, Alabama. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Credit Bureau Collection Services, Inc. (hereinafter, "Defendant" or "CBCS") is a foreign corporation engaged in the business of collecting consumer debts in the state of Alabama. The principal purpose of CBCS is the collection of such debts using the mails and telephone. CBCS regularly attempts to collect debts alleged to be due another. CBCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Code of Alabama, §40-12-80.

### IV. FACTUAL ALLEGATIONS

6. Plaintiffs incorporate herein by reference each of the foregoing paragraphs.

7. On October 8, 2010, Plaintiffs filed a voluntary bankruptcy petition under Chapter 7, Title 11 of the United States Bankruptcy Code thus initiating case number 10-32744. Resulting therefrom, on February 4, 2011, an Order of Discharge was entered extinguishing Plaintiffs' personal obligations upon the unsecured debts identified with the Schedule F of such petition.

8. Immediately subsequent to the filing of the petition, CBCS began repeatedly calling Plaintiffs in an effort to collect upon a pre-petition medical-related indebtedness which was

identified within Plaintiffs' bankruptcy petition.

9. Plaintiffs advised the representatives of CBCS that they had recently filed Chapter 7 bankruptcy, that the underlying debts were identified properly within the bankruptcy, and demanded that CBCS cease and desist from any further collection efforts.

10. In an effort to assure proper notice, Plaintiffs amended Schedule F of their bankruptcy petition to include the alleged indebtedness of CBCS - as a debt collector of the original creditor(s).

11. Despite Plaintiffs' demands, CBCS, by and through its agents or representatives, continued and continues to contact Plaintiffs in an effort to collect upon this pre-petition indebtedness which, as a result of the entry of an Order of Discharge, has been discharged. More specifically, CBCS contacted Plaintiffs approximately five (5) times in November, 2010, four (4) times in December, 2010, and on multiple occasions during the months of January, February and March, 2011.

12. On at least two occasions, Plaintiffs spoke with a representative who identified himself as "Brandon". Brandon acknowledged Plaintiffs' bankruptcy and that such information was electronically stored within CBCS's database; notwithstanding, "Brandon" demanded that Plaintiffs agree to settle these debts by remitting monthly payments over an extended duration.

## V. GENERALLY

13. Due to Defendant's harassing, illegal and abusive tactics, Plaintiffs were forced to retain the services of an attorney to represent them in this matter.

14. The facts considered, Plaintiffs assume that Defendant will continue to pursue the alleged

15. As a result of the acts alleged above, Plaintiffs have suffered severe distress, mental anguish, headaches, embarrassment, loss of sleep, and were forced to hire the services of an attorney.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

16. Plaintiffs incorporate herein by reference each of the foregoing paragraphs.

17. Defendant <u>violated</u> the FDCPA. Defendant's violations include, but are not limited to, the following:

   a) Contacting Plaintiffs when Defendant knew Plaintiffs were represented by an attorney with respect to the alleged debt, by virtue of the bankruptcy, and had knowledge of such attorney's name and address in violation of 1692c(a)(2);

   b) Contacting Plaintiffs after receiving oral and/or written demands that Defendant cease further communication with Plaintiffs in violation of 1692c(c);

   c) Attempting to collect a debt not legally owed, using false and/or misleading representations, in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10); and

   d) Taking illegal actions against Plaintiffs in violation of 15 U.S.C. §§ 1692f(1).

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, compensatory damages, statutory damages, punitive damages, costs and attorney's fees.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for the following:

indebtedness and, in addition, continue to violate the FDCPA and state law.

a. Declaratory judgment that Defendant's conduct violated the FDCPA;

b. Actual, and punitive damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

e. For such other and further relief as the Court may deem just and proper.

## COUNT II
## NEGLIGENCE

19. Plaintiffs incorporate herein by reference each of the foregoing paragraphs.

20. Defendant had a duty to ensure that Plaintiffs were indebted to CBCS prior to commencing and/or causing to be commenced collection activity against Plaintiffs. Furthermore, Defendant had a duty to refrain from engaging in collection activity on a pre-petition indebtedness and, ultimately, on an indebtedness which was extinguished by the entry of an Order of Discharge.

21. Defendant breached said duties of care. More specifically, despite having knowledge of Plaintiffs' bankruptcy Defendant continues to engage in collection activities against Plaintiffs.

22. As a proximate consequence of Defendant's negligence, Plaintiffs have been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for the following:

a. actual damages;

  b.  compensatory damages; and,

  c.  For such other and further relief as the Court may deem just and proper.

## COUNT III
## HARASSMENT

23. Plaintiffs incorporate herein by reference each of the foregoing paragraphs.

24. As stated hereinabove, Defendant repeatedly contacted Plaintiffs via telephone in an attempt to collect upon the pre-petition indebtedness - both prior and subsequent to the Order of Discharge. Such communications occurred after a) Plaintiffs disputed the validity of such alleged indebtedness, b) Plaintiffs advised Defendant that they had retained the undersigned counsel for legal representation with a Chapter 7 bankruptcy, and, in addition, c) Plaintiffs demanded that Defendant cease and desist any and all further communication regarding such alleged indebtedness.

25. By virtue of Defendant's knowledge of the allegations contained with paragraph twenty-four (24) hereof, Defendant's harassing communications to Plaintiffs were willful, intentional and malicious with the intent to injure Plaintiffs.

26. As a direct and proximate consequence of Defendant's harassment, Plaintiffs have been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for the following:

  a.  actual damages;

  b.  compensatory and punitive damages; and,

c.    for such other and further relief as the Court may deem just and proper.

## COUNT IV
## INVASION OF PRIVACY

27.    Plaintiffs incorporate herein by reference each of the foregoing paragraphs.

28.    As stated hereinabove, Defendant illegally and repeatedly intruded upon the seclusion and solitude of Plaintiffs.

29.    Defendant's invasion of Plaintiffs' privacy was willful, intentional and malicious with the intent to injure Plaintiffs.

30.    As a direct and proximate consequence of Defendant's invasion of Plaintiffs' privacy, Plaintiffs have been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for the following:

a.    actual damages;

b.    compensatory and punitive damages; and,

c.    for such other and further relief as the Court may deem just and proper.

## COUNT V
## NEGLIGENT HIRING, SUPERVISION, AND/OR TRAINING

31.    Plaintiffs incorporate herein by reference each of the foregoing paragraphs.

32.    Defendant was negligent or wanton in the hiring, supervision and/or training of its agents and/or employees.

33.    The agents and/or employees of Defendant, while acting in furtherance and in the line and scope of each individual's agency or employment, were incompetent to perform the

requisite duties and, furthermore, Defendant knew or should have known of such incompetence.

34. As a result thereof, Defendant has engaged in, or caused others to engage in, conduct that constitutes collection activity upon an indebtedness that was discharged within Plaintiffs' bankruptcy.

35. As a direct and proximate consequence of Defendant's negligent hiring, supervision and training, Plaintiffs have been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for the following:

    a.    actual damages;

    b.    compensatory and punitive damages; and,

    c.    for such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this the 11th day of March, 2011.

/s/ Anthony B. Bush
Anthony Brian Bush (BUS028)
*Attorney for Plaintiffs*
**Lewis, Bush & Faulk, LLC**
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Phone:(334) 263-7733
Facsimile:(334) 832-4390
Bar Id. #:  ASB-7306-A54B

**DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESS:**

Credit Bureau Collection Services, Inc.
P.O. Box 69
Columbus, OH 43216-0069

Credit Bureau Collection Services, Inc.
50 W. Broad Street
Columbus OH 43215

Credit Bureau Collection Services, Inc.
6501 Arlington Expressway
Jacksonville, FL 32211